IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Habiba Khadim**; *Plaintiff*, v. **Alon Management XIV, LLC d/b/a McDonald's, Store No.: 08013**; *Defendant*. | CASE NO. JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff HABIBA KHADIM ("Ms. Khadim"), by and through her attorneys, CAIR Legal Defense Fund, brings this action against Defendant ALON MANAGEMENT XIV, LLC d/b/a MCDONALD'S RESTAURANT, Store No. 08013 ("Alon"), a "fast-food" restaurant franchisee, based out of Kansas and incorporated in Kansas, for compensatory and punitive damages, pre-judgment and post-judgment interest, and costs and attorneys' fees for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*. and the Kansas Acts Against Discrimination ("K.A.A.D."), for claims arising out of conduct that occurred at the Alon establishment known as McDonald's Restaurant, Store No. 08013 in Overland Park, Kansas. Alon discriminated against Ms. Khadim, a former Alon employee, based on her religious identity as a Muslim by forcing Ms. Khadim to choose between adhering to her sincerely held religious beliefs and maintaining her employment. Alon denied Ms. Khadim a religious accommodation to wear her hijab while on the job and, thus, forced Ms. Khadim to perform her duties uncovered while in view of her male coworkers and male customers, in violation of her sincerely held religious beliefs.

1

## JURISDICTION & VENUE

1. This Court has personal jurisdiction over Defendant because Defendant owns and operates food service establishments across Kansas and conducts business in this judicial district.

2. Venue lies in this district pursuant to 28 U.S.C. §1391 as Defendant owns and operates food service establishments across Kansas, and, further, this district is the same district where the events and/or omissions giving rise to Ms. Khadim's claims occurred.

3. Ms. Khadim brings this action for religious discrimination in violation of both Title VII of the Civil Rights Act of 1964, pursuant to 42 U.S.C. §2000e-5, and the Kansas Acts Against Discrimination ("K.A.A.D.").

4. This Court has subject matter jurisdiction over Ms. Khadim's claims under 28 U.S.C.§1331 because they arise under federal law, including Title VII of the Civil Rights Act of 1964.

5. Ms. Khadim seeks attorneys' fees and costs pursuant to 42 U.S.C. §2000e-2(m) and Fed. R. Civ. P. 54.

## PARTIES

6. Plaintiff HABIBA KHADIM ("Ms. Khadim") is a Muslim domiciled in Kansas.

7. At all relevant times, Ms. Khadim was an "employee" of ALON MANAGEMENT XIV, LLC d/b/a McDonald's, Store No. 08013 ("Alon").

8. Defendant Alon is a "fast-food" restaurant franchisee that owns and operates a food service establishment registered and headquartered in Overland Park, Kansas, where Ms. Khadim was previously employed and where the events giving rise to Ms. Khadim's claims occurred.

## ADMINISTRATIVE HISTORY

9. Ms. Khadim timely dual filed Charges of Discrimination with the Kansas Human Rights Commission (the "K.H.R.C.") and the U.S. Equal Employment Opportunity Commission (the "E.E.O.C.") on December 5, 2024. Ms. Khadim received a Notice of Right to Sue from the E.E.O.C. dated September 24, 2025. *Exhibit A*. This Complaint is timely filed within 90 days of receipt of that notice.

10. Accordingly, Ms. Khadim has exhausted her administrative remedies, as required under Title VII.

## FACTUAL ALLEGATIONS

11. Ms. Khadim was qualified for, could perform the essential duties for, and interviewed for a position at the Alon-operated McDonald's franchise, MCDONALD'S RESTAURANT, Store No. 08013 ("McDonald's"), in Overland Park, Kansas, on June 10, 2024.

12. Manager Maria Khabon ("Khabon") interviewed Ms. Khadim while Ms. Khadim was wearing her hijab, which is a close-fitting covering Muslim women wear over their hair.

13. During the interview, Khabon did not acknowledge Ms. Khadim's hijab. At no point during the interview did Khabon, or any other Alon employee, mention an Alon policy prohibiting religious head coverings or indicate that Ms. Khadim's hijab would need to be removed while she performed her duties for Alon.

14. As a Muslim woman herself, Khabon knew or should have known the religious significance of Ms. Khadim's hijab when she met Ms. Khadim at her June 10, 2025, interview.

15. As a Muslim woman, Ms. Khadim is required to wear a hijab to cover her hair and her body while in the company of men outside of her immediate family.

16. Ms. Khadim's modesty practice is a fundamental part of her religious observance as a Muslim and serves as both an expression of her Muslim identity and a physical manifestation of her obedience to Islamic teachings derived from sacred religious texts and centuries of tradition. As such, Ms. Khadim's modesty practice and, more specifically, her hijab are protected under Title VII of the Civil Rights Act of 1964 and other applicable laws.

17. Khabon hired Ms. Khadim after her June 10, 2024, interview.

18. Ms. Khadim wore her hijab on her first scheduled day of work at McDonald's on June 12, 2024.

19. Following her arrival to McDonald's on her first day, Ms. Khadim participated in a brief orientation with a different Alon manager, the Orientation Manager, before starting her shift.

20. The Orientation Manager then provided Ms. Khadim with a short-sleeved uniform.

21. Ms. Khadim immediately requested a long-sleeved uniform to accommodate her religious practice of dressing modestly, which includes wearing long sleeves at all times.

22. Ms. Khadim also explained to the manager that she wanted an accommodation to wear long sleeves for a religious purpose: so that she could dress modestly in accordance with her Islamic beliefs. This exchange put Alon's management on notice that Ms. Khadim required a religious accommodation to wear long sleeves while on duty at McDonald's.

23. The Orientation Manager informed Ms. Khadim that no long-sleeved version of the uniform existed, but allowed Ms. Khadim to wear an undershirt with the uniform.

24. However, Ms. Khadim was unprepared to supplement her Alon uniform with a long-sleeved shirt for her June 12 shift.

25. With no other choice, Ms. Khadim donned the short-sleeved uniform for the entirety of her June 12 shift, though she believed it to be a violation of her religious beliefs to do so.

26. After her orientation, yet another Alon manager demanded Ms. Khadim remove her hijab before entering the kitchen, explaining that Alon's uniform policy prohibited headscarves and that if she wanted an exception to the rule she would have to ask Khabon.

27. Fearing termination, and with hope that Khabon would accommodate her eventually, Ms. Khadim performed her June 12 duties without cover and in the presence of her male coworkers and customers, in violation of her sincerely held religious beliefs.

28. Upon Khabon's arrival at the restaurant, Ms. Khadim approached Khabon to again explain her need to wear a hijab and reassert her request for religious accommodation. However, Khabon rejected Ms. Khadim's request for accommodation, citing Alon policy.

29. Over the next month, Ms. Khadim worked nine shifts for Alon without accommodation, forcing Ms. Khadim to reveal herself to her male coworkers and customers in violation of her sincerely held religious beliefs.

30. Throughout these nine shifts, Ms. Khadim repeatedly asked Khabon to accommodate her religious practice. Instead, Khabon dismissed Ms. Khadim's request and spoke

condescendingly about Ms. Khadim's religious beliefs, asserting her view that Islam did not require hijab and asking Ms. Khadim why Ms. Khadim would believe she had the right to wear one at work.

31. Khabon's denial of Ms. Khadim's hijab accommodation violates Title VII and the K.A.A.D. and runs afoul of Alon's own "Appearance Policy," as Alon's "Appearance Policy" explicitly provides management may be required to "accommodate requests by employees to wear religious headgear such as headscarves."

32. To date, Khabon has failed to provide legitimate grounds for her denial of Ms. Khadim's accommodation request.

33. Amid multiple, ongoing requests for accommodation, Ms. Khadim navigated a barrage of harassment by her male coworkers. Ms. Khadim's coworkers persistently commented on her hair and appearance, specifically about how long and beautiful her hair was. In light of the religious beliefs that motivated Ms. Khadim's modesty practice, each of these inquiries and advances by Ms. Khadim's male coworkers served to shame and humiliate Ms. Khadim and compounded the shame she felt for failing to adhere to her sincerely held beliefs while employed with Alon for fear of retaliation and termination.

34. After enduring nine shifts of this ongoing humiliation and shame, and without any indication that Alon would approve her accommodation request in the future, Ms. Khadim found the harassment was intolerable and stopped appearing for work after her final shift on July 7, 2025.

**COUNT I**
**VIOLATION OF TITLE VII, 42 U.S.C. § 2000E, ET. SEQ. and the K.A.A.D.**
**RELIGIOUS DISCRIMINATION- FAILURE TO ACCOMMODATE**

35. Ms. Khadim restates the foregoing paragraphs as is set forth fully herein.

36. As a Muslim woman, Ms. Khadim holds a sincere religious belief that requires her to cover her hair and dress modestly while in the company of men outside of her immediate family.

37. On her first day of employment with Alon, June 12, 2024, Ms. Khadim pleaded with Alferez to make an exception to Alon's rules for her modesty practice and explained the nature of her sincere religious belief to dress modestly and cover her hair. After her first day, Ms. Khadim repeatedly made the same accommodation request, which Alon managers rejected each time.

38. The accommodation Ms. Khadim sought would not have imposed any burden at all on Alon. Ms. Khadim wanted to wear her own modest clothing and, if granted, the accommodation would not impose a cost or burden on Alon of any kind.

39. Alon failed to engage in the interactive process with Ms. Khadim regarding her religious accommodation request and instead represented that the aforementioned "Appearance Policy" was non-negotiable.

40. As Alon failed to engage in the interactive process contemplated by Title VII to provide Ms. Khadim with reasonable accommodation to facilitate her religious practice, Alon forced Ms. Khadim to choose between maintaining her employment with Alon and adhering to her sincerely held religious beliefs.

41. By failing to engage in a true interactive process or offer reasonable accommodation, Alon's discriminatory actions were intentional and/or reckless and in violation of Title VII.

42. After Alon failed to provide Ms. Khadim with a reasonable accommodation, Ms. Khadim was repeatedly harassed by her male coworkers who made lascivious comments about Ms. Khadim's uncovered appearance.

43. As such, Alon's failure to accommodate Ms. Khadim's sincerely held religious beliefs has harmed her.

44. The harassment Ms. Khadim endured from her male coworkers was sufficiently severe and/or pervasive to alter the conditions of Ms. Khadim's employment with Alon and constituted both an abusive working environment for Ms. Khadim and an adverse employment action under Title VII.

45. Thus, Alon, by and through its illegal discriminatory acts and/or omissions, made working conditions for Ms. Khadim so difficult that a reasonable person in her position would feel compelled to resign.

46. The conditions Alon created for Ms. Khadim at McDonald's, Store No. 08013, were objectively intolerable, and Ms. Khadim had no other choice but to end her employment with Alon.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Khadim requests that the Court:

1. Provide declaratory relief that Alon violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and the K.A.A.D.;
2. Enter an injunction:
    a. Prohibiting further religious discrimination by Alon; and
    b. Requiring Alon to provide annual religious sensitivity training for its management;

    c. Mandating that Alon destroy any security camera footage depicting the nine shifts Ms. Khadim worked uncovered at McDonald's, Store No.: 08013.

3. Enter an order for payment of:

    a. Non-economic damages for emotional distress and reputational harm;

    b. Punitive damages for Alon's willful and reckless violations;

    c. Prejudgment interest and post-judgment interest;

    d. Attorneys' fees and litigation costs; and,

    e. Any other relief the Court deems just and proper in the interests of justice.

## JURY DEMAND & LOCATION OF TRIAL

Ms. Khadim demands a trial by jury of the above-referenced causes of action, and that the trial be held in the Federal District Court of Kansas in Kansas City, Kansas.

Respectfully Submitted,

**CAIR LEGAL DEFENSE FUND**

/s/ Lena F. Masri
Lena F. Masri (DC #1000019)^
lmasri@cair.com
Gadeir I. Abbas (VA #81161)^*
gabbas@cair.com
Nadia I. Bayado (DC #90023648)^
nbayado@cair.com

453 New Jersey Ave SE
Washington, DC 20003
Email: ldf@cair.com
Phone: 202-742-6420

**VERNON**

/s/ Eric Vernon
Eric Vernon
MO Bar 47007 , KSD Bar 21358
108 S Pleasant St.
Independence, MO 64050
Tel: (816) 842-1102
Fax (816) 842-1104
Eric@bvalaw.net


*\*Licensed in VA, not D.C.*
*Practice limited to Federal Matters*

*^Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff*
